Ronald YALE, Appellant,

v.

CITY OF INDEPENDENCE,
Respondent.

No. 74845.

Supreme Court of Missouri,
En Banc.

Jan. 26, 1993.

David Edward Martin, Independence, for appellant.

Joy Rushing, Asst. City Counselor, Independence, for respondent.

LIMBAUGH, Judge.

Ronald Yale appeals an order of summary judgment dismissing his wrongful discharge action. We granted transfer to consider whether a plea of guilty to a felony charge followed by a disposition of "suspended imposition of sentence" constitutes a "conviction" under the City of Independence personnel manual, the provisions of which authorize termination of employees convicted of a felony. The judgment is reversed and remanded.

On November 4, 1988, Yale pleaded guilty to one count of sodomy, a class B felony. The court suspended the imposition of sentence and placed Yale on proba-

tion for five years. Shortly thereafter, the City of Independence dismissed Yale without pay from his position as a firefighter, subject to further termination proceedings. The city personnel board, following a hearing, recommended that Yale's termination be upheld pursuant to the City's personnel manual, which authorized termination for the "conviction of a felony, criminal offense, or crime of moral turpitude." The manual did not define the term "conviction."

Yale subsequently filed a petition for wrongful discharge seeking in Count I, reinstatement as a firefighter as well as compensatory and punitive damages, and in Count II, damages for invasion of privacy. The parties filed a joint motion for summary judgment based on stipulated facts. In the motion, they agreed that the sole issue was whether Yale's plea of guilty and the resulting suspended imposition of sentence constitute a "conviction of a felony" within the meaning of the city personnel manual.[1] If so, the discharge of Yale was proper. The trial court, finding "no genuine issue as to any material fact," ruled as a matter of law in favor of the City of Independence and dismissed the petition.

Despite the City's argument to the contrary, this is not a judicial review of the personnel board's administrative decision as in an appeal from the decision of an administrative agency under *Chapter 536, RSMo;* it is instead an appellate review of the trial court's ruling on the narrow issue raised in the motion for summary judgment.

The precise issue of whether the disposition of suspended imposition of sentence constitutes a conviction apparently has never been addressed by this Court. This question has been discussed, however, in several appellate court decisions, most notably, *Meyer v. Missouri Real Estate Comm'n,* 238 Mo.App. 476, 183 S.W.2d 342 (1944). In that case, the Missouri Real Estate Commission sought to revoke the license of a broker who had pleaded *nolo contendere* to seven charges of embezzlement and who subsequently received a suspended imposition of sentence along with a three-year term of probation. The *Meyer* court noted that the term "conviction" is subject to more than one meaning depending upon the context in which it is used. *Id.* 183 S.W.2d at 343. For example, where the term is used in its common law sense to designate a particular stage of a criminal prosecution triable by a jury, the term "conviction" may merely include "the confession of the accused in open court, or the verdict returned against him by the jury." *Id.*

However, when the term refers to a determination of guilt from a prior proceeding, and bears directly upon the status or rights of an individual in a subsequent case, there is a different meaning. In these situations in which collateral punitive consequences may attach, a "conviction" is not established, nor is a person deemed "convicted," unless it is shown that a judgment has been pronounced upon the verdict. *Id.* at 344.

*Meyer* was expressly reaffirmed in *Warren v. Director, Missouri Division of Health,* 565 S.W.2d 740 (Mo.App.1978), which held that the term "conviction" requires a final judgment "when the context of the situation involves some collateral adverse consequences such as the loss of privileges or the imposition of a disability." *Warren,* at 743. *See also State v. Zirfas,* 823 S.W.2d 90 (Mo.App.1991); *Simon v. Missouri State Bd. of Pharmacy,* 570 S.W.2d 334 (Mo.App.1978).

It is well-settled that a suspended imposition of sentence is not a final judgment. *State v. Lynch,* 679 S.W.2d 858, 860 (Mo. banc 1984); *Meyer,* at 345. The word "sentence" in legal terms means "a judgment or final judgment." *Lynch,* at 860. Where imposition of sentence has been suspended, there can be no judgment. *State*

---

**1.** Although the City argues that Yale was an "at will" employee who could be terminated without cause, it did not present that unrelated issue as part of the joint motion for summary judgment, nor did the trial court address the issue.

Even if the issue had been raised in the joint motion, neither the stipulated facts nor any pleadings, affidavits, or responses to requests for discovery support the City's position.

*v. LaPlant,* 673 S.W.2d 782, 785 (Mo. banc 1984); *see also State v. Bachman,* 675 S.W.2d 41, 45 (Mo.App.1984).

■ No statute states expressly that a disposition of "suspended imposition of sentence" is not a final judgment, but by establishing that disposition as a separate sentencing alternative under § *557.011.2, RSMo 1986,*[2] the legislature tacitly endorses that conclusion. In *subsections (3)* and *(4)* of that statute, delineating the two sentencing alternatives in which probation can be awarded, the disposition of suspended execution of sentence is distinguished from suspended imposition of sentence solely by the fact that a sentence is imposed in one but not the other. But if the effect of both dispositions is for a conviction to result, as the City contends, there would be no difference between the two dispositions and no reason for the legislature to distinguish between them. In other words, the legislature would not have provided for suspended imposition of sentence unless it was to have an effect different from the other approved dispositions.

■ The obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow. That legislative purpose is further evidenced in statutes concerning closed records; under § *610.105, RSMo 1986,* if imposition of sentence is suspended, the official records are closed following successful completion of probation and termination of the case. Closed records are made available only in limited circumstances and are largely inaccessible to the general public. § *610.120, RSMo Supp. 1991.* Thus, with suspended imposition of sentence, trial judges have a tool for handling offenders worthy of the most lenient treatment. Worthy offenders have a chance to clear their records by demonstrating their value to society through compliance with conditions of probation under the guidance of the court.

■ As noted by the City, the legislature, has, in fact, enacted a number of exceptions to the general rule that punitive collateral consequences do not attach when imposition of sentence is suspended. For example, the statute defining prior, persistent and dangerous offenders, § *558.016.1, RSMo Supp.1991,* was amended in 1981 to include those defendants who had merely pleaded guilty to or had been found guilty of a felony, even though no sentence was imposed. Similarly, § *491.050, RSMo 1986,* providing for the use of a prior "conviction" for impeachment of a witness, was amended in 1983 to include prior pleas of guilty, pleas of *nolo contendere* and findings of guilt. Additionally, the City cites § *577.051.1, RSMo 1986,* which treats a plea of guilty, finding of guilt, or disposition of suspended imposition of sentence as a conviction, or "final disposition," in alcohol or drug related driving offenses.[3]

The City contends that these repeated legislative efforts indicate that in *all* cases the term "conviction" should now include guilty pleas and findings of guilt regardless of the disposition of the case. We disagree. These statutes represent an awareness by the general assembly that the term "conviction," standing alone, does not include a plea or finding of guilt where imposition of sentence is suspended and that such a disposition is not one to which collateral consequences attach. These statutes apply only in certain specific instances. Had the legislature intended to define "conviction" to include the disposition of suspended imposition of sentence in *all* cases, it would have done so.

---

**2.** *Section 557.011.2(3)–(4), RSMo 1986,* among other options, authorizes the trial court to:

(3) Suspend the imposition of sentence, with or without placing the person on probation;

(4) Pronounce sentence and suspend its execution, placing the person on probation;

**3.** *See also § 565.032.1(3), RSMo Supp.1991* (mitigating and aggravating circumstances in first degree murder cases include "the record of any prior criminal convictions, and pleas and findings of guilty and admissions of guilt of any crime or pleas of nolo contendere of the defendant"); *§ 561.021.1(2), RSMo Supp.1991* (forfeiture of public office where person is convicted of a felony or "pleads guilty or nolo contendere of such a crime").

**196**

In *State v. Lynch*, 679 S.W.2d at 861, this Court noted, in dicta, that the rationale behind *Meyer, Warren*, and their progeny—that in some cases the ends of justice can be met without saddling a defendant with a permanent conviction and the attendant collateral consequences—has been undermined by the several statutory exceptions to the general rule. However, *Lynch* did not address the fact that the sentencing alternative of suspended imposition of sentence is based on express statutory authority. As we stated earlier, the legislature would have provided neither for a disposition of suspended imposition of sentence, nor for closure of the records of that disposition, had it not the purpose to allow a defendant to avoid a permanent conviction. To the extent that *Lynch* suggests that the rationale of *Meyer* and *Warren* no longer exists and that collateral consequences of a conviction attach as a matter of course before sentencing and final judgment, it should not be followed.

The City's entire argument consists of variations on this same theme: that the term "conviction" should include Yale's plea of guilty, irrespective of the suspended imposition of sentence. Without saying so explicitly, the City invites this Court to overturn *Meyer* and *Warren*. For the reasons already stated, we decline to do so. The word "conviction," standing alone, does not include the disposition of a "suspended imposition of sentence" either in the City of Independence personnel manual or, for that matter, in legislative enactments where it may be used as a predicate for punitive action in a collateral proceeding. To avoid the effect of *Meyer* and *Warren*, the City is, of course, free to change the language of its personnel manual to include pleas of guilty, findings of guilt, or pleas of *nolo contendere*, just as the general assembly has done in several instances.

Although the joint motion for summary judgment addresses only Count I of the petition, the trial court also dismissed Count II, which appears to state an independent, unrelated cause of action. Yale has appealed the dismissal of the entire petition. Without ruling on the viability of the cause of action in Count II, the trial court's action in dismissing that Count, while it may have been inadvertent, was clearly erroneous.

The judgment is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.