Elmonia BETTS–LUCAS, Appellant,

v.

Richard A. HANSON, Commissioner of the Office of Administration,

and

Robert Holden, State Treasurer, Respondents.

No. WD 58034.

Missouri Court of Appeals, Western District.

Nov. 7, 2000.

Andrew H. McCue, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Elmonia Betts–Lucas' brother died while confined at a Department of Health facility. An employee of the facility, Rick Hartgrave, pleaded guilty to involuntary manslaughter for recklessly causing the death. Betts–Lucas sued Hartgrave for the wrongful death of her brother and obtained a judgment against Hartgrave. Betts–Lucas later filed a declaratory judgment action against Richard A. Hanson, commissioner of the Office of Administration, and Robert Holden, state treasurer, seeking the circuit court's determination that the State Legal Expense Fund, § 105.711, et seq., RSMo 1994 and Supp .1999, should pay the amount of the wrongful death judgment.

When Betts–Lucas filed a motion for summary judgment in the declaratory action, the circuit court denied Betts–Lucas' motion for summary judgment and entered summary judgment for Hanson and Holden. The court held that Hanson and Holden were not bound by the judgment entered against Hartgrave in the wrongful death action. The court decided that a conflict of interest existed between Hartgrave and the State of Missouri regarding the nature of Hartgrave's conduct and whether he would be covered by the State Legal Expense Fund. The court concluded that Hanson, Holden and the state did not have a full and fair opportunity to litigate that issue in the wrongful death action. The circuit court also concluded:

> Hartgrave was not entitled to representation or coverage in the wrongful death action against him because his striking and choking Walter Betts,

thereby causing Betts' death, was not, as a matter of law, conduct "arising out of and performed in connection with his ... official duties on behalf of the State, or any agency of the State." § 105.711.2(2) RSMo 1994. The fact that Hartgrave's conduct might be characterized in a lesser manner, as the wrongful death judgment does[, i.e. Hartgrave's failure to summon medical aid for Betts,] cannot obviate the fact that the nature of Hartgrave's conduct had already been adjudicated when he pleaded guilty and judgment was entered thereon.

Alternatively, the circuit court found that, even if the record did not conclusively establish that Hartgrave's conduct was beyond the scope of the State Legal Expense Fund, a genuine issue of material fact existed regarding the nature of Hartgrave's conduct and whether it fell within the scope of the State Legal Expense Fund. The circuit court also found that Betts–Lucas did not demonstrate that Hanson's and Holden's affirmative defenses were without merit as a matter of law. Betts–Lucas appeals.

The denial of a summary judgment motion is not an appealable order. *Parker v. Wallace*, 431 S.W.2d 136, 137 (Mo.1968). To the extent that Betts–Lucas appeals the denial of her motion for summary judgment, we will not review this claim. The problem in this case, however, is that the circuit court entered summary judgment for Hanson and Holden even though Hanson and Holden did not file a cross-motion for summary judgment. We are unaware of any authority granting the circuit court the power to enter summary judgment for a non-moving party when the non-moving party does not file a cross-motion for summary judgment. As this court's Eastern District held, in *Williams v. Mercantile Bank of St. Louis*, 845 S.W.2d 78, 82 (Mo.App.1993) (footnote omitted):

> [F]or a trial court to grant summary judgment, it must normally have a mo-

tion for summary judgment before it and notice of a hearing must be made. Rules 55.26(a) and 44.01(d). It is incumbent upon the parties seeking relief to initiate action through a motion because courts should not act on their own accord.

Moreover, Rule 74.04(c)(3) provides:

> After the response [to the motion for summary judgment] has been filed or the time for filing the response has expired, whichever is earlier, the judgment sought shall be entered forthwith if a motion for summary judgment and response thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 74.04 emphasizes that a judgment should be entered if the *moving* party is entitled to a judgment as a matter of law. The rule, before it was amended in 1988, formerly provided that a judgment should be entered if *any party* was entitled to a judgment as a matter of law. The former rule also said, "Summary judgment, when appropriate, may be rendered against the moving party." Because the circuit court did not have before it a cross-motion for summary judgment from Hanson and Holden, it could not enter summary judgment in their favor. We, therefore, reverse the circuit court's granting of summary judgment in favor of Hanson and Holden and remand for further proceedings.

HOWARD, Judge, and HOLLIGER, Judge, concur.