**Douglas R. CARR, Appellant,**

v.

**SHERIFF OF CLAY COUNTY, Respondent.**

**No. WD 66052.**

Missouri Court of Appeals,
Western District.

Nov. 21, 2006.

Rehearing Denied Jan. 30, 2007.

James A. Fluker, North Kansas City, MO, for respondent.

Before LOWENSTEIN, P.J., SPINDEN and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

### FACTS AND PROCEDURAL HISTORY

In 1983, Douglas R. Carr ("Carr") pled guilty to second-degree burglary and received a suspended imposition of sentence under Section 557.011.2(3). Second degree burglary is a class C felony punishable by incarceration for up to seven years. In July 2004, Carr applied for a permit to acquire a concealable weapon under Section 571.090, RSMo.2000. The respondent, the Clay County Sheriff ("Sheriff") denied Carr's application based on Carr's 1983 guilty plea. Subsection 1.(2) of the statute, set out *infra,* allows a denial if the appellant has "pled guilty to or been convicted of a crime" which is punishable by more than a year's incarceration.

Carr filed an appeal in Clay County Small Claims Court and was again denied a permit based on his 1983 guilty plea. Carr then filed a petition for a Trial de Novo in the Circuit Court of Clay County. The Circuit Court sustained the denial, and Carr appeals.

This court affirms.

### DISCUSSION

Carr argues that the trial court erroneously affirmed the denial of his application for a permit to acquire a concealable weapon. Carr contends that he should not be disqualified from receiving the permit because a suspended imposition of sentence does not carry the consequences of a conviction under *Yale v. City of Independence,* 846 S.W.2d 193, 195–96 (Mo. banc 1993).

Kevin L. Jamison, Gladstone, MO, for appellant.

In *Yale,* the defendant, a City firefighter, pled guilty to sodomy, a class B felony, and received a suspended imposition of sentence. *Id.* at 193. The defendant was then fired from his job pursuant to a provision in the City's personnel manual that authorized termination for the "conviction of a felony." *Id.* at 194. The defendant lost at trial, and appealed to the Supreme Court of Missouri. The Supreme Court reversed, holding that a suspended imposition of sentence does not constitute a "conviction" because the term "sentence" means "a judgment or final judgment." *Id.* Further, the Supreme Court observed that the clear legislative purpose of permitting defendants to receive a suspended imposition of sentence was so defendants could avoid "the stigma of a lifetime conviction and the punitive collateral consequences that follow." *Id.* at 195.

Carr invokes *Yale* and similar cases in support of his contention that, because a suspended imposition of sentence is not considered a conviction and, therefore no collateral consequences of a conviction attach, Carr's guilty plea and subsequent suspended imposition of sentence should not disqualify him from receiving a permit to acquire a concealable firearm.

In essence, Carr asks this court to look beyond the plain language of 571.090 and to interpret Section 571.090 in light of the legislature's rationale for authorizing suspended impositions of sentence. This court rejects the invitation and affirms.

### I. STANDARD OF REVIEW

■ Appellate review of judge-tried cases is subject to the standard established in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The appellate court is to sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

### II. ANALYSIS

■ When interpreting a statute, this court's primary objective is "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in their plain and ordinary meaning." *Newman v. Ford Motor Co.,* 975 S.W.2d 147, 154 (Mo. banc 1998). This court will not read into a statute a legislative intent contrary to the intent made evident by the plain language of the provision. *Kearney Special Road Dist. v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993).

Section 571.090 provides, in pertinent part:

1. A permit to acquire a concealable firearm shall be issued by the sheriff of the county in which the applicant resides, if all of the statements in the application are true, and the applicant:

. . . .

(2) Has not pled guilty to or been convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States other than a crime classified as a misdemeanor under the laws of any state and punishable by a term of imprisonment of two years or less that does not involve an explosive weapon, firearm, firearm silencer or gas gun[.]

■ The plain language of Section 571.090.1(2) provides that the sheriff shall issue a permit to acquire a concealable firearm if the applicant "[h]as not pled guilty to or been convicted of" a crime punishable by imprisonment for a term greater than one year. Section 571.090.1(2) clearly creates two classes of applicants who are ineligible to receive

permits to acquire a concealable firearm: (1) persons who have pled guilty to a specified class of crimes; and (2) persons who have been convicted of a specified class of crimes.

Carr's argument that he should not be denied a permit because a suspended imposition of sentence is not a conviction would have merit if the plain language of Section 571.090.1(2) only prohibited persons convicted of crimes from receiving a permit. However, the plain meaning of the statute clearly includes both persons who have pled guilty to a specified class of crimes as well as persons convicted of such a crime. As the Sheriff observes, if the legislature intended to enable persons who plead guilty to a crime and receive a suspended imposition of sentence to be granted a permit to acquire a concealable firearm, the legislature would not have included the "pled guilty" language in Section 571.090.1(2).

This court must give effect to the intent of the legislature as manifested by the plain meaning of the language that the legislature used. Section 571.090.1(2) unambiguously prohibits persons who have pled guilty to a crime punishable by incarceration for more than one year from receiving a permit to acquire a concealable firearm. Carr pled guilty to a felony punishable by incarceration for up to seven years; therefore, the Sheriff validly denied Carr a permit. The judgment is affirmed.

All concur.