**STATE of Missouri ex rel. PULITZER MISSOURI NEWSPAPERS, INC.,**
**Relator,**

v.

**The Honorable William C.**
**SEAY, Respondent.**

**No. SD 30704.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 2011.

---

Tom R. Burcham, III, Farmington, MO, for Relator.

Chris Koster, Attorney General and Arax Ruth Corn, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

On July 26, 2010, Pulitzer Missouri Newspapers, Inc. ("Relator") filed a "Petition for Writ of Prohibition or Mandamus" ("Petition"). On July 27, 2010, this Court issued an "Order to Show Cause" to the Honorable William C. Seay ("Respondent"), Circuit Judge, directing Respondent to state the specific legal basis for closing and sealing the case record in "*State of Missouri, Plaintiff v. Cledith Wakefield,* Iron County Case No. 09IR–CR00254." Respondent was also directed to provide this Court with "a copy of any written suspended imposition of sentence (including all terms and conditions or probation)...." After receipt of Respondent's suggestions, and the original circuit court

file ("the file"), this Court issued its "Preliminary Order in Prohibition/Mandamus" directing Respondent to answer Relator's Petition. Our preliminary order is now made permanent.

Relator publishes three newspapers in southeast Missouri: The Daily Journal and the Farmington Press, both distributed in St. Francois County, Missouri; and the Democratic News, distributed in Madison County, Missouri.

Cledith Wakefield ("Mr. Wakefield") was the Chief of Police of the City of Leadington for approximately 25 years. Leadington, Missouri, is located in St. Francois County.

In June 2008, Mr. Wakefield was charged in the Circuit Court of Francois County with class C felony forgery in violation of section 570.090.1(1)[1] (Count I), and class A misdemeanor stealing in violation of section 570.030 (Count II). On February 20, 2009, Count I was amended to class C felony forgery in violation of section 570.090.1(4).

Venue was transferred to the Circuit Court of Iron County in June 2009. In February 2010, Mr. Wakefield resigned his position as Chief of Police of the City of Leadington.

Mr. Wakefield's trial was set for April 8 and 9, 2010. Respondent was assigned to preside. When Mr. Wakefield appeared before Respondent on April 8, 2010, the following docket entry was made:

> Cause called. State appears by Special Prosecuting Attorney, Douglas S. Pribble. [Mr. Wakefield] appears in person and with counsel, Paul D'Agrosa. [Mr. Wakefield] sworn. State enters nolle prosequi as to Count I. [Mr. Wakefield] withdraws plea of not guilty and enters plea of guilty pursuant to Alford decision in Count II. [Mr. Wakefield] ad-

vised of his rights and voluntary plea is held. Court finds [Mr. Wakefield] guilty as to Count II. Sentencing per Sentencing Worksheet, Order of Probation signed by the Court and ORDERED filed this date. COURT ORDERS FILE TO BE A CLOSED FILE, CONFIDENTIAL.

The sentencing worksheet recites that imposition of sentence was suspended.

The Order of Probation contained in the file indicated Mr. Wakefield was placed on court supervised probation for one year, along with certain optional probation conditions, which included performance of forty hours of community service within six months.

On April 8, 2010, at approximately 10:00 a.m., a newspaper reporter employed by Relator arrived at the Iron County Courthouse seeking information regarding the *Wakefield* case. The circuit clerk informed the newspaper reporter the case had been disposed of earlier that morning and Respondent had ordered the file closed and sealed.

The newspaper reporter for Relator, communicating through Respondent's clerk, asked to see Respondent in order to request access to the file. Respondent's clerk explained to the newspaper reporter that Respondent wanted a written request to open the file. That request was completed by correspondence of April 8, 2010, and addressed to Respondent. In the request, the newspaper reporter inquired as to the outcome of the case "per Missouri Revised Statute 610.105 and case law: *Yale v. [C]ity of Independence*, 846 S.W.2d 193 (Mo. banc 1993)."

On April 9, 2010, Respondent replied to the correspondence and stated in part: "That file is closed pursuant to Chapter

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

610, RSMo." Respondent did not issue a written order explaining why the file was closed. Since April 8, 2010, nothing official has been available to Relator or the public showing the amended charges, nor disposition of any of the charges. Relator's Petition alleges it had unofficial sources and hearsay information that the felony forgery charge "was dropped and that Mr. Wakefield received a suspended imposition of sentence and was placed on probation on the stealing charge."

In Respondent's response to the show cause order, he indicated the case was a closed record under the provision of "Section 610.105, RSMo.2000" in that: " 'If the person arrested is charged but ... imposition of sentence is suspended ... official records pertaining to the case shall be closed records when such case is finally terminated except ... Relator does not come within any of the exceptions set forth in subsection 1.' " The response also indicated the case had been terminated within the meaning of section 610.105(1).

The docket sheet reflects Respondent's correspondence of April 9, 2010, declining Relator's request for access to the file, was filed on April 12; the next event documented was correspondence of July 21, 2010, from Mr. Wakefield's attorney enclosing proof of Mr. Wakefield's completion of the required community service hours. Respondent entered an order on July 30, 2010, three days after this Court's Order to Show Cause, indicating Mr. Wakefield had paid all costs, completed community service work, and satisfied all

terms of probation so that he was discharged and the case would be closed.

In Respondent's answer to the Preliminary Order in Prohibition/Mandamus, Respondent averred the case "was closed by order of April 8, 2010 as authorized by Supreme Court Operating Rule 2.02." Respondent also claimed Mr. Wakefield completed his probation and was discharged on July 30, 2010.[2]

Relator contends it is entitled to examine the file as a public record. Respondent contends the file is not subject to public examination because it is closed. The issue for our determination is whether Relator may examine the file.

## Limited Closure of Official Records

In Missouri, there is a common law right of public access to court and other public records. *In re Transit Casualty Company*, 43 S.W.3d 293, 300 (Mo. banc 2001). Section 109.180 codifies Missouri's policy favoring open records:

> Except as otherwise provided by law, all state, county and municipal records kept pursuant to statute or ordinance shall at all reasonable times be open for a personal inspection by any citizen of Missouri, and those in charge of the records shall not refuse the privilege to any citizen. . . .

Supreme Court Operating Rule 2.02 specifically affirms this presumption of open records with regard to court records and enumerates the exceptions to this policy.[3]

> Records of all courts are presumed to be open to any member of the public for purposes of inspection or copying during the regular business hours of the court having custody of the records. This policy does not apply to records that are confidential pursuant to statute, court rules or court order; judicial or judicial staff work product; internal electronic mail; memoranda

2. Respondent made no specific orders that probation was terminated and Mr. Wakefield was discharged. Section 559.036 permits the trial court to terminate a term of probation before completion of the specific term. We presume that is what Respondent meant by his order of July 30, 2010.

3. Missouri Supreme Court Operating Rule 2.02 (2010) states:

■ "'Citizens of Missouri have the right to inspect and copy any public record even if there is no apparent legal interest to be subserved....'" *Transit Casualty*, 43 S.W.3d at 300 (quoting *State ex rel. Gray v. Brigham*, 622 S.W.2d 734, 735 (Mo.App. E.D.1981)) (internal quotation omitted). Our supreme court reiterated that "public records are freely accessible to ensure confidence in the impartiality and fairness of the judicial system, and generally to discourage bias and corruption in public service." *Transit Casualty*, 43 S.W.3d at 301.

■ "Given the presumption in favor of open records, an abuse of discretion is present when trial court orders inexplicably seal court records, do not articulate specific reasons for closure, or do not otherwise demonstrate a recognition of the presumptive right of access." *Id.* at 300.

In this case, the dispute centers around the interpretation of section 610.105, which specifically sets forth when an accused's case file may be closed. Respondent contends the trial court's closure of the file was required under section 610.105.1.[4] However, an examination of the trial court record demonstrates that on April 8, 2010, the date Relator inquired as to the status of the case, the case was not finally terminated as contemplated by section 610.105.

■ Section 610.105 describes the conditions permitting the file of a person arrested or charged to be considered a closed record. One of those conditions is when the trial court suspends imposition of sentence upon the accused. In that instance, the file shall be closed when the case is finally terminated. "It is well-settled that a suspended imposition of sentence is not a final judgment." *Yale v. City of Independence*, 846 S.W.2d 193, 194 (Mo. banc 1993). Under section 610.105, "if imposition of sentence is suspended, the official records are closed following successful completion of probation and termination of the case." *Id.* at 195.

In this case, the file could not be closed in April 2010 because it was not finally terminated until Mr. Wakefield completed his probation term, or that term was shortened by the trial court. The trial court did so on July 30, 2010. Relator's request of April 8, 2010, was appropriately submitted to Respondent well before Mr. Wakefield completed his probation so that the file remained open prior to that date. His file would not be closed until he fully met all conditions of probation as indicated on July 30, 2010.

■ Section 610.011 clearly establishes the public policy of this state is that records and deliberations of public governmental bodies be open to the public unless otherwise provided by law. The legislative purpose of the Sunshine Law is for governmental conduct to be open to public inspection, but not at the expense of the vital personal interests of the citizenry. *Scroggins v. Missouri Department of So-*

---

or drafts; or appellate judicial case assignments.

Records, information and services shall be provided at a time and in a manner that does not interfere with the regular business of the courts.

This Court Operating Rule 2 imposes no obligation upon the judiciary to create a data element, make a data element available electronically, or produce non-standard reports.

4. Section 610.015.1 provides in part:

If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated....

*cial Services, Children's Division,* 227 S.W.3d 498, 503 (Mo.App. W.D.2007).

■ Mandamus is an appropriate remedy to require disclosure of a public record. *Missouri Protection and Advocacy Services v. Allan,* 787 S.W.2d 291, 295 (Mo. App. W.D.1990). Here, it was error for Respondent to refuse Relator's access to the file following its request of April 8, 2010. Because the request was timely made, and the case had not been terminated, it is appropriate to require Respondent to permit Relator's access to the file until the case was finally terminated on July 30, 2010. To deny Relator's access to the file at this point, under these circumstances, would completely defeat the purpose of section 610.105 and the expressed directives of our supreme court announcing the purpose behind the law.

Relator is not permitted to examine the file for any events after July 30, 2010, because the case was terminated then.

Our preliminary order is made permanent. We hereby enter a permanent writ in mandamus directing Respondent to permit Relator's examination of the file in *State of Missouri v. Cledith Wakefield,* Iron County Case No. 09IR–CR00254, for all contents up to and including July 30, 2010. Any items after that date must be redacted and are unavailable for examination.

SCOTT, C.J. and RAHMEYER, P.J., concur.