

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| CFM INSURANCE, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD76882 |
| | ) | |
| CHARLES RICK HUDSON and | ) | Opinion filed:  June 3, 2014 |
| LYNETTE HUDSON, | ) | |
| | ) | |
| Respondents. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BENTON COUNTY, MISSOURI**
**The Honorable John C. Porter, Judge**

Before Division One:  Joseph M. Ellis, Presiding, Judge,
Karen King Mitchell, Judge and Anthony Rex Gabbert, Judge

Appellant CFM Insurance, Inc. appeals from a judgment entered by the Circuit Court of Benton County granting Respondents Charles and Lynette Hudson's motions for partial summary judgment and judgment on the pleadings.  For the following reasons, the judgment is affirmed in part and reversed and remanded in part.

In March 2012, Appellant filed a petition for rescission against Respondents alleging that Respondents made misrepresentations in their April 2010 application for homeowner's insurance.  Appellant further alleged that it relied on those misrepresentations in issuing Respondents a homeowner's policy in April 2010; thus,

the misrepresentations were material, and the policy should be rescinded *ab initio*. The misrepresentations allegedly made in the insurance application include whether any member of the household had been convicted of a felony, had filed bankruptcy, or had conducted any business pursuits other than farming on the premises. In their answer, Respondents denied that they made misrepresentations in the April 2010 insurance application and counterclaimed for amounts due under the policy for a fire that occurred on the insured property in September 2011.

On May 17, 2013, Respondents filed a motion for partial summary judgment on the issue of whether Respondent Charles Hudson had ever been convicted of a felony. Respondents contended that Hudson had not been convicted of a felony because, although he pleaded guilty to the felony of criminal nonsupport, the trial court suspended imposition of sentence and placed him on probation. Thus, Respondents contended that, under Missouri law, Hudson had not been convicted of a felony and, therefore, made no misrepresentation regarding a felony conviction on the insurance application. Appellant opposed the motion, alleging that, for purposes of the insurance application, conviction means that a person has been charged with a crime and found guilty of it. Thus, Appellant averred that Respondents misrepresented that no one in the household had been convicted of a felony on the insurance application. The trial court subsequently concluded that a suspended imposition of sentence does not constitute a felony conviction under Missouri law and, thus, granted partial summary judgment in Respondents' favor.

On June 26, 2013, Appellant filed its motion for summary judgment in which it contended that it was entitled to rescission as a matter of law. In opposing Appellant's summary judgment motion, Respondents asserted that there was a factual dispute as to whether Appellant issued a new policy to them in November 2010 that was not based upon the representations made in the April 2010 insurance application. In particular, Respondents explained that they submitted the insurance application containing the alleged misrepresentations in the process of obtaining a homeowner's policy in April 2010 ("the April 2010 Policy"). However, in October 2010, Appellant cancelled the April 2010 Policy due to Respondents' non-payment of premiums. In November 2010, Appellant reinstated Respondents' homeowner's policy ("the November 2010 Policy"), which was in effect at the time of the fire. Respondents averred that, under such circumstances, the November 2010 Policy constituted a new contract that was not based upon the representations made in the April 2010 insurance application.

The parties subsequently filed additional responses discussing the differences between the April 2010 Policy and the November 2010 Policy. At the conclusion of their sur-reply, Respondents requested that the trial court make a finding of "undisputed fact" that the November 2010 Policy constituted a new contract that was not based on the representations made in the April 2010 insurance application.

On August 6, 2013, the trial court entered an order denying Appellant's motion for summary judgment. In doing so, the trial court also stated that it was addressing Respondents' "request that the Court find as an undisputed fact that the policy issued November 15, 2010 was a new policy not conditioned on representations contained in

3

the application of 2010." The trial court analyzed whether, under the facts and circumstances of the case, the parties intended the November 2010 Policy to constitute a new contract or a continuation of the April 2010 Policy. Ultimately, the court concluded:

> [F]rom the facts contained in the various motions and replies, as well as the argument of counsel, the Court declares that [Appellant] has failed to demonstrate that the parties intended the November policy to be a continuation of the April policy. Consistent with controlling case law, the November policy is hereby deemed and declared a new contract.

Respondents subsequently filed a motion for judgment on the pleadings. In their motion, Respondents averred that the November 2010 Policy could not be rescinded based upon alleged misrepresentations made in the April 2010 application due to the trial court's finding that the November 2010 Policy constituted a new contract. The trial court subsequently granted Respondents' motion for judgment on the pleadings. In doing so, the trial court explained that "[t]he basis of [Appellant's] claim is that its policy was issued because of alleged misrepresentations made in an application to obtain coverage." The trial court further explained:

> It . . . was determined and is the law of this case based on this court's findings with respect to [Appellant's] Motion for Summary Judgment and [Respondents'] Response thereto, and [Appellant's] Reply and [Respondents'] Sur-reply that it is an undisputed fact that the April, 2010 policy was voided by [Appellant] in October, 2010 due to non-payment of premium by [Respondents]; and further, that the November, 2010 policy is a new contract of insurance, not a continuation of the preceding policy.

4

Thus, the trial court concluded that, based on the pleadings, Appellant had no claim for rescission as a matter of law.[1]

Appellant now raises three points on appeal. In its first point, Appellant contends that the trial court erred in granting partial summary judgment in favor of Respondents because "convicted," as used in the insurance application, must be interpreted in the common law context to mean an adjudication of guilt and, thus, includes Hudson's suspended imposition of sentence. We review a grant of summary judgment *de novo*. ***Farrow v. Saint Francis Med. Ctr.***, 407 S.W.3d 579, 587 (Mo. banc 2013) (citing ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993)). "Summary judgment is appropriate when the record demonstrates there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** at 587-88.

In its petition, Appellant alleged that Respondent Charles Hudson had been convicted of a felony and, thus, misrepresented on the insurance application that no one in the household had ever been convicted of a felony.[2] Respondents subsequently filed a motion for partial summary judgment contending that Hudson's 1996 guilty plea to criminal nonsupport charges resulted in a suspended imposition of sentence and, therefore, did not, as a matter of law, constitute a conviction. The trial court granted

---

[1] The trial court certified its judgment as final for purposes of appeal pursuant to Rule 74.01(b), finding no just reason for delay.

[2] The insurance application contained the following question: "Have you or any member of your household, ever been convicted of a felony?" The "No" box is checked on Respondents' application.

partial summary judgment in favor of Respondents, finding that "a suspended imposition of sentence is not, as a matter of law, a conviction."

There is no genuine issue of material fact regarding Hudson's 1996 guilty plea that resulted in a suspended imposition of sentence.  Thus, the issue on appeal is whether, as a matter of law, Hudson's suspended imposition of sentence constituted a conviction for purposes of the insurance application.

Appellant contends that the term "conviction" must be interpreted within the context in which it is used and that conviction, as used in an insurance application, takes on the common law meaning of an adjudication of guilt and, thus includes suspended impositions of sentence.  Respondents aver that the term "conviction," standing alone, does not include a suspended imposition of sentence.  Both parties cite to *Yale v. City of Independence*, 846 S.W.2d 193 (Mo. banc 1993), in support of their arguments.

In *Yale*, the plaintiff filed a wrongful discharge action after his employer, the City, fired him for pleading guilty to a felony and receiving a suspended imposition of sentence.  *Id.* at 193-94.  The trial court granted summary judgment in favor of the City finding that the plaintiff's plea of guilty and the resulting suspended imposition of sentence constituted a conviction for purposes of the City's personnel manual, which did not define the term "conviction."  *Id.* at 194.  In reversing the trial court's grant of summary judgment, the Supreme Court did acknowledge that Missouri courts have recognized "that the term 'conviction' is subject to more than one meaning depending upon the context in which it is used."  *Id.* (citing *Meyer v. Mo. Real Estate Comm'n*,

6

183 S.W.2d 342 (Mo. App. 1944)). However, the Court went on to explain that "a suspended imposition of sentence is not a final judgment" and "that the term 'conviction' requires a final judgment when the context of the situation involves some collateral adverse consequences such as the loss of privileges or the imposition of a disability." *Id.* (internal quotation omitted). It further emphasized that "[t]he obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow." *Id.* at 195. Thus, the Court concluded that "[t]he word 'conviction,' standing alone, does not include the disposition of a 'suspended imposition of sentence' either in the [City's] personnel manual or, for that matter, in legislative enactments where it may be used as a predicate for punitive action in a collateral proceeding." *Id.* at 196.

Since *Yale*, Missouri courts have routinely recognized that the term "conviction," standing alone, does not include a suspended imposition of sentence,[3] and Appellant cites no cases to the contrary.[4] Instead, Appellant relies upon the language in *Yale* that

---

[3] *See* **Roe v. Replogle**, 408 S.W.3d 759, 762 n.2 (Mo. banc 2013) (noting that a suspended imposition of sentence is not considered a conviction under Missouri law); **M.A.B. v. Nicely**, 909 S.W.2d 669, 671 (Mo. banc 1995) (noting that the term "conviction," standing alone, does not include a finding of guilty where imposition of sentence is suspended); **Doe v. Keathley**, 344 S.W.3d 759, 766 n.5 (Mo. App. W.D. 2011) (indicating that a suspended imposition of sentence does not constitute a conviction under Missouri law); **Carr v. Sheriff of Clay Cnty.**, 210 S.W.3d 414, 416 (Mo. App. W.D. 2006) (recognizing that the Missouri Supreme Court has held that a suspended imposition of sentence does not constitute a conviction); **Uxa ex rel. Uxa v. Marconi**, 128 S.W.3d 121, 134 (Mo. App. E.D. 2003) (explaining that "[t]he term 'conviction,' by itself, does not include a plea or finding of guilt where imposition of sentence is suspended and that such a disposition is not one to which collateral consequences attach") (internal quotation omitted).

[4] In its brief, Appellant states that "[t]he Missouri Supreme Court has recognized that the term 'conviction,' with regard to a civil matter, relates to a finding of guilty, not the imposition of a sentence." In support of this proposition, Appellant cites to **In re McBride**, 938 S.W.2d 905 (Mo. banc 1997). The Court in

7

the term "conviction" is subject to more than one meaning depending upon the context in which it is used. Appellant contends that, under the facts of this case, the term "conviction" includes Hudson's guilty plea because the term is being used in the context of a private insurance contract between private parties and, thus, is distinguishable from cases interpreting the term in a criminal or municipal context. We disagree.

Like the personnel manual in *Yale*, the present case involves a situation in which the term "convicted" stood alone with no definition of the term provided. And despite Appellant's contentions to the contrary, this is a situation involving adverse collateral consequences. Appellant alleges in its petition that it would not have issued Respondents an insurance policy had it known of Hudson's suspended imposition of sentence. Thus, collateral consequences would attach if Hudson's suspended imposition of sentence constituted a conviction for purposes of the insurance application. Under such circumstances, the term "convicted," standing alone in the insurance application, cannot be deemed to include a suspended imposition of sentence. Accordingly, the trial court did not err in entering partial summary judgment in Respondents' favor. Point denied.

In its second point, Appellant contends that the trial court erred in declaring that the November 2010 Policy constituted a new contract following the trial court's denial of

---

*McBride*, however, discussed suspended impositions of sentences in the context of a disciplinary rule that permitted the suspension of an attorney that has "been found guilty of any felony . . . *whether sentence is imposed or not.*" **Id.** at 906 (interpreting **Rule 5.20** (1995)) (internal quotation omitted and emphasis added). In fact, the rule interpreted in *McBride* did not even contain the term "conviction." *See* **Rule 5.20** (1995). Accordingly, *McBride* does not support Appellant's argument that the term "conviction," with regard to civil matters, must be interpreted to mean a finding of guilt as opposed to the imposition of sentence.

8

Appellant's summary judgment motion. Typically, "[t]he denial of a summary judgment motion is not an appealable order." **Betts-Lucas v. Hanson**, 31 S.W.3d 484, 485 (Mo. App. W.D. 2000). However, here we have a situation in which the trial court made a finding of "undisputed fact" in its order denying Appellant's summary judgment motion.

In opposing Appellant's summary judgment motion, Respondents contended that summary judgment was improper, at least in part, because "[t]here are disputed facts as to whether [Appellant] issued a new policy to [Respondents] not based on any representations made in the [April 2010] application to [Appellant]." In making their argument, Respondents contended that the November 2010 Policy constituted a new contract not based on the representations made in the April 2010 application because "[t]he 'renewal' of an insurance policy is a separate and distinct contract for the period of time covered by the renewal unless it is apparent that the parties merely intended the renewal to constitute a continuation of the old policy." **Hammond v. Mo. Prop. Ins. Placement Facility**, 731 S.W.2d 360, 364 (Mo. App. E.D. 1987). Respondents averred that, because the November 2010 Policy had different coverage dates, premium amounts, and endorsements, a factual dispute existed as to whether the parties intended the November 2010 Policy to constitute a continuation of the April 2010 Policy.

Appellant subsequently filed a reply[5] to Respondents' suggestions in opposition in which it averred that the November 2010 Policy was merely a continuation of the April

---

[5] Appellant's reply and Respondents' sur-reply were filed following a hearing regarding Appellant's summary judgment motion. At the hearing, the parties and the trial court discussed the issue of whether the November 2010 Policy constituted a new contract not premised upon the alleged misrepresentations made in the April 2010 application. The transcript from the hearing reflects that the trial court felt the issue must be resolved before it could decide Appellant's summary judgment motion. There is no

9

2010 Policy because the policies bore the same policy number and contained only subtle differences in terms and provisions. Respondents filed a sur-reply reiterating the arguments made in their suggestions in opposition and requesting "that Court find as an undisputed fact that the policy issued November 15, 2010 was a new policy not conditioned on representations in the application of April, 2010."

On August 6, 2013, the trial court denied Appellant's motion for summary judgment. Nevertheless, it went on to state that it would address Respondents' "request that the Court find as undisputed fact that the policy issued November 15, 2010 was a new policy not conditioned on representations contained in the application of 2010." After setting forth the parties' evidence and arguments, the trial court concluded that "from the facts [Appellant] has failed to demonstrate that the parties intended the November policy to be a continuation of the April policy. Consistent with controlling case law, the November policy is hereby deemed and declared a new contract."

Thus, the record reflects that, in the process of denying Appellant's summary judgment motion, the trial court granted Respondents' request for a finding of "undisputed fact." Nothing in Rule 74.04, however, permits such a finding. Rule 74.04(c)(6) provides that summary judgment is proper "[i]f the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The purpose of summary judgment . . . is to identify cases (1) in which there is no genuine dispute as to

indication, however, as to whether the parties' additional responses were filed to remedy the situation, as such discussions were held off the record.

the facts and (2) the facts as admitted show a legal right to judgment for the movant." ***Back Ventures, L.L.C. Series D v. Safeway, Inc.***, 410 S.W.3d 245, 250 (Mo. App. W.D. 2013) (internal quotation omitted). Therefore, while summary judgment "may be entered on any issue," **Rule 74.04(c)(6)**, a summary judgment motion does not constitute a proper forum for seeking solely declarations of undisputed fact; rather, summary judgment procedure is reserved for "cases in which the movant can establish that there are no genuine issues of material fact ***and*** that the movant is entitled to judgment as a matter of law." ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 377 (Mo. banc 1993) (emphasis added). Accordingly, the trial court erred by making a factual determination in the context of denying Appellant's summary judgment motion.[6]

Moreover, to the extent Respondents contend on appeal that they were entitled to summary judgment on the issue, a circuit court has no authority "to enter summary judgment for a non-moving party when the non-moving party does not file a cross-motion for summary judgment." ***Betts-Lucas***, 31 S.W.3d at 485. Rather, summary judgment should be granted only when the "*moving* party is entitled to a judgment as a matter of law." ***Id.*** at 486 (citing **Rule 74.04**) (emphasis in the original). Respondents never filed a motion for summary judgment on the issue of whether the November 2010 Policy constituted a new contract. Accordingly, they were never the moving party, and

---

[6] We further note that the trial court's own analysis of the issue indicates that the parties' intent regarding the November 2010 Policy is not a matter of undisputed fact. A trial court "is not allowed to make credibility determinations when considering summary-judgment motions." ***Young v. Tri-State Water Treatment, Inc.***, 343 S.W.3d 695, 698 (Mo. App. E.D. 2011). "[S]uch matters are for the trier of fact." ***Id.*** Nevertheless, the trial court weighed the parties' evidence, and the inferences therefrom, in reaching its conclusion that Appellant "failed to demonstrate that the parties intended the November policy to be a continuation of the April policy." Such an analysis is inappropriate at the summary judgment stage.

the trial court had no authority to grant summary judgment in Respondents' favor. Thus, we must reverse the trial court's finding that the November 2010 Policy constituted a new contract. Point granted.

In its third point, Appellant asserts that the trial court erred in granting Respondents' motion for judgment on the pleadings. In granting Respondents' motion, the trial court stated:

> It further was determined and is the law of this case based on this court's findings with respect to [Appellant's] Motion for Summary Judgment and [Respondents'] Response thereto, and [Appellant's] Reply and [Respondents'] Sur-reply that it is an undisputed fact that the April, 2010 Policy was voided by [Appellant] in October, 2010 due to non-payment of premium by [Respondents]; and further, that the November, 2010 policy is a new contract of insurance, not a continuation of the preceding policy. The pleadings therefore establish that the application upon which [Appellant's] claim is based is the application for the original policy that was cancelled and voided by [Appellant]. Therefore, based on the pleadings, as a matter of law, [Appellant] has no claim for relief based upon rescission.

The trial court, therefore, based its judgment on the pleadings upon its impermissible finding that the November 2010 Policy constituted a new contract. Thus, because we found the trial court's finding was procedurally improper, we must also reverse the trial court's grant of judgment on the pleadings premised on that same erroneous finding. Point granted.

In sum, we affirm the trial court's grant of partial summary judgment in favor of Respondents. However, the trial court's finding that the November 2010 Policy constituted a new contract is reversed as is the trial court's grant of judgment on the

12

pleadings. The case is remanded for further proceedings not inconsistent with this opinion.

_____
Joseph M. Ellis, Judge

All concur.

13