

NUMBER 13-15-00564-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**         **Appellant,**

**v.**

**ZACHARY JESS DINTELMAN,**         **Appellee.**

### On appeal from the 117th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras[1] and Longoria
### Memorandum Opinion by Justice Longoria

The State of Texas appeals an order that quashed an indictment charging appellee

Zachary Jess Dintelman with the offense of driving while intoxicated ("DWI"), third

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2015 R.S.).

offense.  *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (West, Westlaw through 2015 R.S.).  We reverse and remand.

## I. BACKGROUND

The State secured an indictment alleging that Dintelman committed the offense of driving while intoxicated on or about August 8, 2014 in Nueces County.  *See id.* § 49.04(a).  The indictment further alleged that Dintelman had been twice convicted of an offense related to operating a motor vehicle while intoxicated in Missouri, elevating the charged offense to a third-degree felony.  *See id.* § 49.09(b).  According to the indictment, the first Missouri conviction took place on May 9, 2007 ("the May Case"), and the second on November 6, 2007.

Dintelman filed a motion to quash the indictment in which he alleged that one or more of the prior convictions was void because it was obtained without the benefit of counsel.  At the hearing on the motion, Dintelman alleged a further ground in support of his motion:  the "Probation Order and Certificate" which the State used to prove a conviction in the May Case did not reflect a conviction.  Dintelman admitted that it reflected he received a suspended imposition of sentence ("SIS") and that he was placed on probation for two years, but argued that this did not qualify as a conviction.  At the end of the hearing, the trial court denied the motion to the extent that it alleged Dintelman had not been represented by counsel, but permitted Dintelman and the State to submit authorities regarding whether an SIS qualified as a conviction.

The trial court later held another hearing to consider the authorities provided by the State and Dintelman.  The State offered authorities purporting to show that Missouri treated an SIS like a conviction, while Dintelman argued that it was more equivalent to

2

deferred adjudication under Texas law.  The trial court adjourned without making a ruling.  Two days later, the court announced that it concluded Missouri law would treat an SIS as a conviction but that Texas law would not.  By an order dated November 9, 2015, the trial court granted Dintelman's motion and quashed the indictment.  This appeal followed.[2]

## II. Discussion

The State argues in one issue that the trial court erred when it quashed the indictment.  It reasons that the May Case is a conviction for purposes of section 49.09(b) of the Texas Penal Code.[3]  *See id.* § 49.09(b).

### A. Applicable Law and Standard of Review

The sufficiency of a charging instrument presents a question of law.  *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010).  We therefore conduct a *de novo* review of a trial court's ruling on a motion to quash a charging instrument.  *Id.* at 13–14; *State v. Barbernell*, 257 S.W.3d 248, 251–52 (Tex. Crim. App. 2008).  The defendant bears the burden of proof on a motion to quash.  *Rodriguez v. State*, 491 S.W.3d 18, 26 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

### B. Relevant Law of Texas and Missouri

#### 1. Texas Law

---

[2] We have jurisdiction over the State's appeal pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure, which permits the State to appeal any order which "dismisses an indictment" or "any portion of an indictment."  *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West, Westlaw through 2015 R.S.).

[3] Dintelman's written motion did not include his argument that the May Case did not end in a conviction.  Article 27.10 of the Texas Code of Criminal Procedure provides that all motions to set aside an indictment or information must be in writing.  *See id.* art. 27.10 (West, Westlaw through 2015 R.S.).  A trial court commits error when it grants a written motion on a ground not included in the motion.  *See State v. Goldsberry*, 14 S.W.3d 770, 775 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).  Nevertheless, we will determine whether Dintelman's argument was meritorious because the State does not raise his compliance with article 27.10 in its brief to this Court.  *See* Tex. R. App. P. 47.1.

Section 49.04 of the Texas Penal Code makes it an offense for a person to operate a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a). The offense is a Class B misdemeanor, *see id.* § 49.04(b), but is elevated to a third-degree felony if it is shown on trial of the offense that the defendant "has previously been convicted two times" of an offense "relating to the operating of a motor vehicle while intoxicated." *Id.* § 49.09(b)(2). Section 49.09 specifies that the phrase "relating to the operating of a motor vehicle while intoxicated" includes "an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated." *Id.* § 49.09(c)(1)(F). Thus, under Texas law, a DWI offense is a third-degree felony if the driver has previously been convicted two times of operating a vehicle while intoxicated whether the convictions occurred in Texas or in another state.

### 2. Missouri Law

Missouri law at the time of the May Case[4] provided that a person committed an offense if he or she "operate[d] a motor vehicle while in an intoxicated or drugged condition." MO. ANN. STAT. § 577.010.1 (West, Westlaw through Aug. 28, 2010). The offense was normally a Class B misdemeanor, *see id.* § 577.010.2, but in the case of a persistent offender—"[a] person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses"—it was elevated to a Class-D felony. *See id.* §§ 577.023.1(4), 577.023.3 (West, Westlaw through July 1, 2009).

After finding a person guilty of a felony or a misdemeanor, a Missouri trial court had several possible dispositions available to it. One available disposition was to place the person on an SIS "with or without placing the person on probation." *Id.* § 557.011.2(3)

---

[4] All citations to Missouri law are to the statutory provisions in effect at the time of the May Case unless otherwise noted.

(West, Westlaw through Aug. 27, 2011). However, a court that chose to impose an SIS in a DWI case was required by statute to also place the defendant on probation for a period of at least two years. *Id.* § 577.010.2.

## C. Analysis

There is no dispute that the State introduced a docket sheet and Probation Order and Certificate which, when taken together, reflect that Dintelman pled guilty to the charge of DWI, received an SIS, and was placed on probation for a period of two years. Rather, the parties' dispute is over whether an SIS constitutes a conviction so that the State alleged two convictions in the indictment. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). The State argues that Dintelman was convicted when he received an SIS. It notes that Texas and Missouri employ similar enhancement schemes for DWI offenses, and Dintelman's present offense could be prosecuted as a felony under Missouri law. Furthermore, the SIS and term of probation Dintelman received from the May Case qualifies as a conviction for purposes of Section 49.09(b) of the Texas Penal Code. Dintelman responds that an SIS is not an adjudication of guilt or a final conviction under Texas law because it is not a final conviction under Missouri law. Dintelman further argues that (1) the May Case would not be available under Missouri law to enhance a subsequent DWI offense, and (2) an SIS is more equivalent to deferred-adjudication probation than it is to regular probation.

We agree with the State. Resolution of this issue turns on whether receiving an SIS means that Dintelman was "convicted" as that word is used in section 49.09(b)(2). *See* TEX. PENAL CODE ANN. § 49.09(b)(2). We interpret statutory terms according to their

5

plain meaning unless the term is ambiguous or the plain meaning would lead to absurd results that the Legislature could not possibly have intended. *Thompson v. State*, 236 S.W.3d 787, 792 (Tex. Crim. App. 2007). When determining plain meaning we consult dictionary definitions, apply rules of grammar, and consider words in context. *Ex parte Perry*, 483 S.W.3d 884, 902 (Tex. Crim. App. 2016). We assume the Legislature chose every word with a purpose, and we seek to give effect to each word, phrase, clause, and sentence if reasonably possible. *Id.*

The dictionary definition of the term "conviction" is an "act or process of judicially finding someone guilty of a crime; the state of having been proved guilty" or "[t]he judgment (as by a jury verdict) that a person is guilty of a crime." BLACK'S LAW DICTIONARY 384 (9th ed. 2009). This definition encompasses a determination of guilt, and case law from the Texas Court of Criminal Appeals defines the term in the same way. In *McNew v. State*, the Texas Court of Criminal Appeals surveyed the use of the word in various statutory contexts and concluded that references to "a 'conviction,' regardless of the context in which it is used, always involves an adjudication of guilt." 608 S.W.2d 166, 172 (Tex. Crim. App. [Panel Op.] 1978). Depending on the context, the term can also encompass the assessment of punishment. In *Ex parte Evans* the Court observed that it "has most often construed the term 'conviction' to mean a judgment of guilt and assessment of punishment." 964 S.W.2d 643, 647 (Tex. Crim. App. 1998). More directly relevant to this case, the Court recently explained that "the word 'convicted' is more likely to refer solely to guilt than the word 'conviction' is." *Ex parte White*, No. WR-48,152-08, ___ S.W.3d ___, ___, 2016 WL 6496674, at *2 (Tex. Crim. App. Nov. 2, 2016).

Looking at section 49.09 with these various definitions in mind, we conclude that the Legislature intended the term "convicted" to refer narrowly to a finding of guilt and did not intend to include the assessment of punishment. Taken as a whole, the statute is concerned with how many times a person has been found guilty of a relevant type of offense rather than the punishment that person subsequently received. For example, section 49.09(a) elevates a DWI-related offense to a Class A misdemeanor if it is shown on trial of the offense that the defendant "has previously been convicted one time" of "an offense relating to the operating of a motor vehicle while intoxicated," among other related offenses. *See* TEX. PENAL CODE ANN. § 49.09(a). And section 49.09(b)(2) provides that a DWI-related offense is a third-degree felony if it is shown on trial of the offense that the person "has previously been convicted: two times" of the same type of offense. *Id.* § 49.09(b)(2). The plain text of these provisions demonstrates that the Legislature was concerned with whether there has been a finding of guilt of a particular type of offense, not whether punishment was assessed. Furthermore, when the Legislature does refer to punishment in section 49.09, it does so expressly. In section 49.09(d) the Legislature provided that certain convictions for DWI-related offenses which occur under Texas law are final "whether the sentence for the conviction is imposed or probated." *Id.* § 49.09(d). Based on the above, we conclude that the meaning of the term "convicted" as it is used in section 49.09(b)(2) refers to a finding of guilt.

Examining the record before us with this interpretation of the statute in mind, we agree with the State that the SIS Dintelman received qualifies as a conviction because it involved a finding that Dintelman was guilty of an offense. At the time of the May Case, the Missouri statute which allowed the trial court to impose an SIS provided as follows:

2. Whenever any person *has been found guilty* of a felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may:

> (1) Sentence the person to a term of imprisonment as authorized by chapter 558;

> (2) Sentence the person to pay a fine as authorized by chapter 560;

> (3) Suspend the imposition of sentence, with or without placing the person on probation;

> (4) Pronounce sentence and suspend its execution, placing the person on probation;

> (5) Impose a period of detention as a condition of probation, as authorized by section 559.026.

MO. ANN. STAT. § 557.011.2 (emphasis added). The plain language of section 557.011.2 provided that an SIS is available only after a finding of guilt has been made by the trial court. *See id.* And the record reflects that such a finding occurred in the May Case: Dintelman entered a plea of guilty to the DWI offense and received an SIS as a result, necessarily implying that the trial court found him guilty of the charged offense. *See id.*

Dintelman argues that an SIS is nevertheless not available for enhancement purposes because it is not a final conviction under Missouri law. Dintelman is correct to the extent that an SIS is not generally considered a final conviction. The Supreme Court of Missouri held in *Yale v. City of Independence* that "[i]t is well-settled that a suspended imposition of sentence is not a final judgment." 846 S.W.2d 193, 194 (Mo. 1993). The *Yale* Court further explained that an SIS is not final because if the defendant successfully completes probation, the case is terminated and the records of the conviction are sealed and unavailable except in certain limited circumstances. *Id.* at 195. But none of the above means that the adjudication of guilt involved in the SIS is not final.

8

In any event, we disagree with Dintelman that the finality of an SIS under Missouri law is controlling. Dintelman relies on authorities interpreting the enhancement-of-punishment statute in section 12.42 of the Texas Penal Code to support his argument. *See Littles v. State*, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984); *see also* TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through 2015 R.S.). The Texas Court of Criminal Appeals has explained that section 49.09 allows prior offenses to enhance the charged offense, while section 12.42 enhances the punishment for the offense. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999). The two statutes are therefore "distinguishable" from each other, and the limitations in section 12.42 do not apply to enhancement of an offense under section 49.09. *See id.*; *see also McGuire v. State*, 493 S.W.3d 177, 192 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). The controlling issue here is therefore not whether an SIS is a final conviction under Missouri law but whether Dintelman was "convicted" as that term is used in section 49.09(b)(2). *See* TEX. PENAL CODE ANN. § 49.09(b)(2). And, as we explained above, the disposition of his case meets the definition of a conviction because it involved a finding of guilt. *See Ex parte White*, ___ S.W.3d at ___, 2016 WL 6496674, at *2.

In sum, we conclude that an SIS qualifies as a conviction in this case because it necessarily involved a finding that Dintelman was guilty of an offense. The State therefore alleged two valid judgments of conviction. *See* TEX. PENAL CODE ANN. § 49.09(b)(2). The trial court erred when it reached the contrary conclusion. We sustain the State's sole issue.

### III. CONCLUSION

We reverse the order of the trial court, reinstate the indictment, and remand for further proceedings not inconsistent with this opinion.

NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of January, 2017.