Daryl G. HOLDREDGE,
D.D.S., Appellant,

v.

MISSOURI DENTAL BOARD,
Respondent.

No. WD 68836.

Missouri Court of Appeals,
Western District.

Aug. 12, 2008.

Samantha A. Harris, Jefferson City, MO, for Appellant.

Kevin R. Hall, Jefferson City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., Lisa White Hardwick, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Daryl G. Holdredge, D.D.S., appeals the circuit court's judgment affirming the Administrative Hearing Commission's decision that grounds existed for the Missouri Dental Board (Dental Board) to discipline Holdredge's license to practice dentistry. Holdredge contends that the Commission's decision violated due process, was in excess of the Commission's statutory authority and jurisdiction, and was otherwise unsupported by competent and substantial evidence because the decision was based upon a purported stipulation of facts submitted by the Dental Board which was not signed by or agreed upon by either Holdredge or his counsel. Holdredge also asserts that the Commission erred in authorizing the Board to discipline Holdredge's dental license based upon an order issued by the Wisconsin Dentistry Examining Board (Wisconsin Board). Holdredge contends that the Wisconsin Order was not a disciplinary action which would provide a statutory basis for disciplining his dental license in Missouri and that the Wisconsin Order was not based upon grounds for which discipline would be authorized in Missouri. We disagree and affirm the circuit court's judgment affirming the Commission's decision.

Holdredge holds licenses to practice dentistry in Missouri and Wisconsin. On November 5, 2004, the Dental Board filed a complaint with the Commission alleging that Holdredge's license to practice dentistry in Missouri was subject to discipline pursuant to section 332.321.2(8), RSMo Supp.2002, because the Wisconsin Board had issued an order disciplining Holdredge's Wisconsin dental license. In particular, the Dental Board alleged:

4. On or about July 2, 2003, the Wisconsin Dentistry Examining Board issued a Final Decision and Order ("Wisconsin Order") wherein it found that [Holdredge] had engaged in inappropriate and unprofessional conduct towards female patients, staff and coworkers. The Wisconsin Order is attached hereto as Exhibit A and is incorporated into this Complaint as though fully set forth herein.

In his answer to the Dental Board's complaint, Holdredge admitted the allegations contained in paragraph 4. Holdredge denied, however, that the Wisconsin Order constituted a disciplinary action or that grounds existed to discipline his license in Missouri based upon the Wisconsin Order.

In the Wisconsin Order, the Wisconsin Board found that during Holdredge's service in the Navy, Holdredge worked at the Branch Dental Clinic in Kansas City. While Holdredge was working at the Branch Dental Clinic, several female patients and staff members alleged that Holdredge had engaged in behavior which they considered to be inappropriate, offensive, and of a sexually suggestive nature. As a result of the allegations, a Navy peer review panel conducted a hearing to determine if Holdredge should lose his clinical privileges. According to the Wisconsin Order, the peer review panel found that Holdredge had:

a. Made inappropriate and unprofessional comments to female patients, staff and coworkers that negatively and substantially impacted [Holdredge's] ability to provide dental care to patients.

b. Inappropriately attempted to establish personal relationships with female patients, staff and coworkers.

c. Placed his hand on one patient's knee for no therapeutic reason and left his hand there until she physically removed it.

d. Made female patients feel uncomfortable during treatment and made female staff feel uncomfortable in the workplace.

Based upon these findings, the peer review panel recommended revocation of Holdredge's clinical privileges. The Commanding Officer of the Naval Dental Center thereafter found the allegations to be substantiated, revoked Holdredge's clinical privileges, and terminated Holdredge's professional staff appointment at the Naval Dental Center. Holdredge then resigned from the Navy.

While practicing dentistry in Wisconsin, the Wisconsin Board instituted an investigation and disciplinary proceedings against Holdredge based upon the Navy's findings. Holdredge entered into a stipulation with the Wisconsin Board, wherein Holdredge neither admitted nor denied the allegations but agreed that the Wisconsin Board could make the findings of fact and conclusions of law set out in the Wisconsin Board's final decision and order. Holdredge also agreed to the adoption of the final decision and order by the Wisconsin Board and waived his rights to appeal the order.

The Wisconsin Board found that it had jurisdiction over the matter pursuant to Wisconsin Statutes section 447.07, which is the statute that allows the Wisconsin Board to reprimand, deny, limit, suspend, or revoke an individual's license to practice dentistry upon the establishment of certain grounds. In its final decision and order, the Wisconsin Board did not designate under which subsection of section 447.07 it was finding grounds to reprimand or limit Holdredge's dental license. The Wisconsin Board merely ordered:

1. [Holdredge] shall not engage in sexual harassment of any patient, employee or co-worker.

2. [Holdredge] having completed the continuing education on sexual harassment in the work place, . . . no further education is ordered.

3. If [Holdredge] violates the terms of this Order, [Holdredge] shall immediately submit written notification of that violation to the Board.

4. Within 30 days of the date of this Order, [Holdredge] shall pay costs of this proceeding in the amount of $1,875.00 to the Department of Regulation and Licensing.

. . . .

6. Violation of any term or condition of this Order may constitute grounds for revocation of [Holdredge's] license as a dentist in Wisconsin. Should the Board determine that there is probable cause to believe that [Holdredge] has violated the terms of this Order, the Board may

order that [Holdredge's] license be summarily suspended pending investigation of and hearing on the alleged violation.

After the Dental Board filed its complaint with the Commission seeking to discipline Holdredge's license to practice dentistry in Missouri based upon the Wisconsin Board's action against Holdredge's Wisconsin license, Holdredge agreed to submit the case to the Commission upon exhibits and briefs. On August 26, 2005, the Dental Board filed a "Joint Stipulation of Facts and Waiver of Hearing" with the Commission. The joint stipulation was signed by the attorney for the Dental Board, and a signature of Holdredge's attorney, "Samuel E. Trapp," appears with the notation "via telephone consent." The Commission found that Holdredge's license to practice dentistry in Missouri was subject to discipline pursuant to section 332.321.2(8). Holdredge filed a petition for review with the Cole County Circuit Court, and the circuit court affirmed the Commission's decision. Holdredge appeals.

■■■■ In considering Holdredge's appeal, we review the Commission's decision and not the circuit court's judgment. We review the Commission's findings of fact and conclusions of law by determining whether or not substantial and competent evidence supported the decision, whether or not the decision was arbitrary, capricious, or unreasonable, and whether or not the Commission abused its discretion. *Dep't of Soc. Servs., Div. of Med. Servs. v. Little Hills Healthcare, L.L.C.*, 236 S.W.3d 637, 641 (Mo. banc 2007). "We will not substitute our judgment for that of the Commission on factual matters, but questions of law are matters for the independent judgment of this court." *Moheet v. State Bd. of Registration for the Healing Arts*, 154 S.W.3d 393, 398 (Mo.App.2004).

■ In his first point on appeal, Holdredge asserts that the Commission's decision violated due process, was in excess of the Commission's statutory authority and jurisdiction, and was otherwise unsupported by competent and substantial evidence because the decision was based upon a purported stipulation of facts submitted by the Dental Board which was not signed by or agreed upon by either Holdredge or his counsel. Holdredge contends that, although the Commission may issue a decision without a hearing if any party establishes facts that entitle any party to a favorable decision, the Commission may do so only if no party raises a genuine issue as to such facts. § 536.073.3, RSMo 2000, 1 CSR 15–3.440(3)(B)3.A. Holdredge claims that he disputed the facts. His answer to the Dental Board's complaint, however, establishes otherwise.

■ In his answer, Holdredge admitted that the Wisconsin Board found that he had engaged in inappropriate and unprofessional conduct toward female patients, staff, and coworkers.[1] Holdredge also did not object to the Dental Board's incorporation of the Wisconsin Order into its complaint or deny the substance of the Wisconsin Order. "Allegations in a petition which are admitted in an answer constitute a judicial admission[, and a] judicial admission 'waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true.'" *Bachman v. City of St. Louis*, 868 S.W.2d 199, 201 (Mo.App. 1994) (citation omitted). Therefore, even without the joint stipulation, the Commission had sufficient evidence to render its decision. The Dental Board's complaint, Holdredge's answer to the complaint, and the Wisconsin Order constituted competent and substantial evidence upon which the Commission could base its decision.

1. In a subsequent request for admission, Holdredge denied this allegation. He also denied this allegation in his motion to set aside the Commission's decision.

■ To the extent that Holdredge complains that the Commission failed to provide him with his procedural rights to a hearing, we are not persuaded. On July 27, 2005, Holdredge waived his right to an evidentiary hearing before the Commission. Due process does not guarantee a hearing where the opportunity to be heard has been waived. *Wilson v. Morris,* 369 S.W.2d 402, 408 (Mo.1963).

■ In his second point, Holdredge contends that the Commission erred in authorizing the Board to discipline Holdredge's dental license based upon the order issued by the Wisconsin Board. Holdredge contends that the Wisconsin Order was not a disciplinary action which would provide a statutory basis for disciplining his dental license in Missouri and that the Wisconsin Order was not based upon grounds for which discipline would be authorized in Missouri. We disagree.

In its final decision and order, the Wisconsin Board stated that it had jurisdiction over the matter pursuant to Wisconsin Statutes, section 447.07. Section 447.07(3) permits the Wisconsin Board to investigate and reprimand a licensed dentist for various reasons, including those who engage in unprofessional conduct. Although the Wisconsin Board did not designate the specific subsection it was relying upon in disciplining Holdredge's license, it found that Holdredge had engaged in inappropriate and unprofessional conduct while practicing dentistry in the Navy. Due to that conduct, the Wisconsin Board ordered that Holdredge (1) not engage in sexual harassment of any patient, employee, or co-worker; (2) not be required to have further education on sexual harassment because he had recently completed a course, (3) notify the Wisconsin Board if he violated the terms of the order; and (3) pay costs in the amount of $1,875.00. The Wisconsin Board also stated that any violation of any term or condition of the order may constitute grounds for revocation of Holdredge's dental license in Wisconsin.

The Wisconsin Board in its order labeled its action as "In the Matter of the Disciplinary Proceedings Against Daryl G. Holdredge, D.D.S." Moreover, the Wisconsin Board relied on the Wisconsin disciplinary proceedings statute, section 447.07, to claim jurisdiction over the action. Finally, although not explicitly labeled as a censure, reprimand, or limitation, the Wisconsin Board's order constructively reprimands or censures Holdredge's Wisconsin dental license. Thus, it is evident that the Wisconsin Board in its final decision and order believed that it was disciplining Holdredge's dental license for his inappropriate conduct in the Navy.

In Missouri, cause exists to discipline Holdredge's Missouri dental license if his license to practice dentistry in another state had been subject to a "disciplinary action." § 332.321.2(8). The term "disciplinary action" is "to be construed with a view toward suppressing the wrongs undertaken to be remedied." *Bhuket v. State ex rel. Mo. Bd. of Registration for the Healing Arts,* 787 S.W.2d 882, 885 (Mo.App.1990). The Wisconsin Board sought to remedy Holdredge's inappropriate and unprofessional conduct by admonishing or reprimanding him according to the terms of its order. Moreover, to the extent that a "disciplinary action" "contemplates any censure, reprimand, suspension, denial, revocation, restriction or other limitation placed upon the license of a person subject to Chapter 334," *id.,* the Wisconsin Order could be labeled as a censure or reprimand. "Reprimand" means: "In professional responsibility, a form of disciplinary action—imposed after trial or formal charges—that declares the [practitioner's] conduct improper but does not limit his or her right to practice [the profession]." BLACK'S LAW DICTIONARY 1329 (8th

ed. 2004). "Censure" means "[a]n official reprimand or condemnation, harsh criticism[.]" *Id.* at 237. The Wisconsin Order was an official reprimand by the Wisconsin Board concerning Holdredge's inappropriate and unprofessional conduct.

To the extent that Holdredge relies on *Khan v. State Board of Auctioneer Examiners,* 577 Pa. 166, 842 A.2d 936 (2004), in support of his contention that, because he did not admit or deny the allegations in the Wisconsin action, the Wisconsin Order is not a disciplinary action, we are not persuaded. In *Khan,* the Pennsylvania Board of Auctioneer Examiners attempted to discipline an auctioneer's license based upon actions taken against the auctioneer's license in Virginia. *Id.* at 940. The *Khan* court noted that the Pennsylvania statute specifically stated that "'when [the Board] finds the licensee to have been *'guilty'* of any of the enumerated infractions, the Board may, in its discretion, apply one or more of the listed sanctions. 63 P.S. § 734.20 (emphasis added)." *Id.* at 950. The court held that the auctioneer could not be disciplined in Pennsylvania because he did not admit to any violations and because no actual or constructive findings of guilt existed in the proceeding against him in Virginia. *Id.* at 950–51. The *Khan* court concluded, therefore, that the Virginia action was not a disciplinary action that could form the basis for reciprocal disciplinary action in Pennsylvania. *Id.* at 951.

Missouri, however, does not require a finding of guilt for a licensee to be subject to discipline under section 332.321.2(8). Section 332.321.2(8) says:

2. The board may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any permit or license required by this chapter or any person who has failed to renew or has surrendered his or her permit or license for any one or any combination of the following causes:

. . . .

(8) Disciplinary action against the holder of a license or other right to practice any profession regulated by this chapter imposed by another state, province, territory, federal agency or country upon grounds for which discipline is authorized in this state[.] [2]

The only limitation placed upon a disciplinary action from another state is that it must be based upon grounds for which discipline is authorized in Missouri. Sexual harassment and inappropriate conduct toward patients, staff, and coworkers undoubtedly is conduct that would subject a licensee to discipline in Missouri. The Commission concluded that section 332.321.2(5) allows discipline for misconduct in the performance of professional functions or duties, and section 332.321.2(13) allows discipline for violation of any professional trust or confidence. The conduct found by the Wisconsin Board would fall within these grounds for disciplining Holdredge's dental license in Missouri.[3]

2. We need not decide but merely observe that the undisputed disciplinary action taken by the Navy would support discipline in Missouri.

3. Holdredge asserts that because the Dental Board did not cite any provision of law other than section § 332.321.2(8) as a basis for discipline, the Dental Board and the Commission may not rely on § 332.321.2(5) or § 332.321.2(13) as grounds for discipline. The Dental Board did not seek to discipline Holdredge's license based upon § 332.321.2(5) or § 332.321.2(13), and the Commission did not find that the Dental Board could discipline Holdredge's license based upon § 332.321.2(5) or § 332.321.2(13). The Commission merely found that the Wisconsin disciplinary action was based upon grounds for which discipline

The Commission's decision did not violate due process, was not in excess of its statutory authority or jurisdiction, and was supported by competent and substantial evidence. We, therefore, affirm the circuit court's judgment upholding the Commission's decision that grounds existed for the Dental Board to discipline Holdredge's license to practice dentistry.

All concur.

is authorized in Missouri, i.e. § 332.321.2(5)        or § 332.321.2(13).