### DIRECTOR, DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### Christopher L. BISHOP, Respondent.

### No. WD 70301.

Missouri Court of Appeals, Western District.

Sept. 29, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 2009.

Chris Koster, Attorney General, Christopher R. Fehr, Assistant Attorney General, Jefferson City, MO, for Appellant.

Christopher L. Bishop, Kansas City, MO, pro se.

Before Division II: VICTOR C. HOWARD, Presiding Judge, and JOSEPH M. ELLIS and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

The Director of the Missouri Department of Public Safety (Director) appeals from the judgment of the Circuit Court of Cole County (trial court), affirming the decision of the Administrative Hearing Commission (the Commission) that Christopher Bishop (Bishop) was not subject to discipline under section 590.080.1(2) (RSMo 2000) for an incident occurring on December 30, 2005. In the Director's sole point on appeal, the Director contends that the trial court erred in affirming the judgment because Bishop had pled guilty to a

criminal offense arising from the 2005 incident in question and was consequently barred from denying that he was guilty of committing a crime pursuant to the doctrine of collateral estoppel. We affirm.

On December 30, 2005, Bishop, at the time a police officer for the City of Randolph Police Department, was involved in an altercation in a restaurant parking lot while off duty but in uniform. This incident led to Bishop being charged with third-degree assault and his subsequent plea of guilty to the misdemeanor crime of disturbance of the peace on February 22, 2007. Bishop received a suspended imposition of sentence from the Associate Circuit Court of Clay County and was placed on probation for two years. On April 18, 2007, prior to the end of the probationary period, the Director filed a complaint with the Commission to discipline the peace officer license of Bishop. A hearing was conducted on October 16, 2007.

At the hearing, Bishop testified that he acted properly and did not commit a crime during the incident at the restaurant parking lot. Bishop maintained that he arrived at the parking lot after finishing his shift. He noted that he was not on duty but in uniform. Bishop testified that he witnessed a security guard involved in a verbal confrontation with two individuals, including Steven Borchardt. According to Bishop, Borchardt appeared intoxicated. Borchardt then approached the security guard in a threatening manner, and the guard tasered Borchardt. Bishop testified that, shortly thereafter, Borchardt and the security guard became involved in a physical altercation. When Borchardt separated from the security guard, Bishop used his pepper spray on Borchardt. Borchardt left with his companion. To counter the testimony of Bishop at the administrative hearing before the Commission, the Director entered Bishop's guilty plea into evidence.

The Commission found that the Director failed to prove that Bishop committed a crime and consequently did not have cause to discipline Bishop. The Director appealed the decision to the trial court. On September 26, 2008, the trial court affirmed the judgment of the Commission. This timely appeal followed.

█ In examining the Director's appeal, we review the decision of the Commission and not of the trial court. *Holdredge v. Mo. Dental Bd.*, 261 S.W.3d 690, 693 (Mo.App. W.D.2008). While we defer to the judgment of the Commission on factual issues, we review questions of law *de novo. Id.* We will uphold the finding of fact and conclusions of law of the Commission unless the decision was not supported by substantial and competent evidence; was arbitrary, capricious, or unreasonable; or the Commission abused its discretion. *Dep't of Soc. Servs., Div. of Med. Servs. v. Little Hills Healthcare, L.L.C.*, 236 S.W.3d 637, 641 (Mo. banc 2007).

█ At the administrative hearing, the dispositive question relevant to whether Bishop could be disciplined under section 590.080.1(2) was whether Bishop was guilty of committing a crime. Section 590.080.1(2) states: "The director shall have cause to discipline any peace officer licensee who ... [h]as *committed any criminal offense,* whether or not a criminal charge has been filed[.]" (Emphasis added.)

Bishop's guilty plea and consequent suspended imposition of sentence was entered into evidence as proof of his violation of section 590.080.1(2). The Commission balanced that evidence with Bishop's testimony and concluded that Bishop had not, in fact, committed a criminal offense and was not, therefore, subject to discipline under

section 590.080.1(2). The Director offered no other evidence but took the position then, and renews that position in this court, that Bishop's guilty plea is conclusive evidence that Bishop committed a criminal offense. In the Director's sole point on appeal, the Director maintains that the Commission erred in allowing Bishop to litigate the issue of his guilt when another Missouri court had already ruled upon that issue. They argue that the doctrine of collateral estoppel applies to guilty pleas even when imposition of the sentence has been suspended.

■ For collateral estoppel to apply in Missouri, we must consider four factors: (1) whether the issue decided in the prior case was identical; (2) whether the prior case resulted in a judgment on the merits; (3) whether the party or parties against whom estoppel is being asserted was a party, or at least in privity with a party, in the prior case; and (4) whether the party subject to collateral estoppel had a full and fair opportunity to litigate the issue raised in the prior case. *James v. Paul,* 49 S.W.3d 678, 682 (Mo. banc 2001). When applying these factors to the facts of the instant case, the question presented is whether the second factor has been met.

In *Yale v. City of Independence,* the Missouri Supreme Court ruled that a suspended imposition of sentence is *not* regarded as a final judgment. 846 S.W.2d 193, 194 (Mo. banc 1993). The question in that case is similar to this case. In *Yale,* a firefighter for the city of Independence named Ronald Yale pled guilty to sodomy and received a suspended imposition of sentence and five years of probation. *Id.* at 193–94. Yale was terminated by the city pursuant to a clause in the personnel manual that authorized termination for the "conviction of a felony." *Id.* at 194. His petition for wrongful discharge was dismissed by the trial court as a matter of law. *Id.* On appeal, the Missouri Supreme Court found that the legislative intent of the suspended imposition of sentence is to provide courts with a tool to shield certain violators from some of the **collateral consequences** of a final judgment. *Id.* at 195. "The obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow." *Id.* The *Yale* court further noted, and subsequent precedent has affirmed, that the legislature can, and has, carved out exceptions to this general rule and allowed collateral consequences to be triggered by a guilty plea instead of a final judgment. *Id. See also State ex rel. Kauble v. Hartenbach,* 216 S.W.3d 158, 161 (Mo. banc 2007); *Carr v. Sheriff of Clay County,* 210 S.W.3d 414, 417 (Mo.App. W.D.2006). However, none of these cases, nor any other precedent we could find, endorses the idea that collateral consequences attach to a suspended imposition of sentence save through a legislative act. The court in *Yale* noted that the city was able to rewrite its personnel manual to permit termination for a "guilty plea" in the future, but it could not terminate Yale because he had not been convicted of a crime, and that is the language the city had used in its disciplinary policy at the time the city attempted to discipline Yale. *Yale,* 846 S.W.2d at 196.

In the instant case, section 590.080.1(2) does not provide for disciplinary consequences to attach upon a **plea of guilty** to a crime but, instead, to the **commission** of a crime. To be clear, Bishop's guilty plea constituted competent and substantial evidence that Bishop had committed a crime. It was not, however, conclusive evidence on that issue, and Bishop was not collaterally estopped from presenting evidence that he had not committed a crime. Like-

wise, the Commission was entitled to weigh the evidence and draw its own conclusion as to the question of fact as to whether Bishop had engaged in actions that constituted the commission of a crime or not.[1] By asking this Court to give decisive effect to Bishop's guilty plea, the Director essentially asks us to impose the sort of collateral consequences on a guilty plea with suspended imposition of sentence which *Yale* rejected. Because there was substantial evidence in the record supporting the Commission's factual conclusion that Bishop did not commit a crime, we will not disturb the Commission's finding. We affirm.

VICTOR C. HOWARD, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.

---

1. Of course, evidence that Bishop had previously pled guilty to a crime was relevant evidence to attack Bishop's credibility. But, the guilty plea did not foreclose the admissibility of Bishop's evidence that no crime had, in fact, been committed.