**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DENNIS R. RYNO,<br>            Appellant, | DOCKET NUMBER<br>CH-0752-14-0500-I-5 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>            Agency. | DATE: February 27, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis R. Ryno, Waynesville, Missouri, pro se.

Stephen O. Barlow, Ft. Eustis, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

2

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant did not make any protected disclosures or engage in any protected activity under the Whistleblower Protection Enhancement Act of 2012 (WPEA), and to VACATE the initial decision as to the administrative judge's application of collateral estoppel and her determination that the agency proved it would have removed the appellant absent an alleged protected disclosure, we AFFIRM the initial decision.

¶2      The appellant began his career with the agency in 1978, most recently working as a GS-14 Supervisory Safety and Occupational Health Specialist at Fort Leonard Wood in Missouri. *Ryno v. Department of the Army*, MSPB Docket No. CH-0752-14-0500-I-5, Appeal File (I-5 AF), Tab 140, Initial Decision (ID) at 1-2; *Ryno v. Department of the Army*, MSPB Docket No. CH-0752-14-0500-I-1, Initial Appeal File (IAF), Tab 24 at 21. In November 2013, the agency proposed the appellant's removal based on allegations concerning the appellant's conduct toward a woman (complainant) with whom he had a personal relationship who also worked for the agency at Fort Leonard Wood. The appellant had been criminally charged with stalking the complainant and ultimately entered into a plea agreement in a Missouri court, wherein he pled guilty to a single charge of harassment. The proposed removal included two charges: conduct unbecoming and failure to follow instructions, with 41 and 32 specifications, respectively. IAF, Tab 24 at 596-615. After the appellant responded to the proposal, the deciding official upheld the appellant's removal, effective March 2014, sustaining

all of the conduct unbecoming specifications, but only specifications 9, 10, and 13 of the failure to follow instructions charge.

¶3    The appellant filed a Board appeal, and while the appeal was pending, he withdrew his hearing request and the agency withdrew specifications 3-9 of its conduct unbecoming charge.[2]    ID at 1, 23; I-5 AF, Tab 86 at 1.    The administrative judge issued a decision on the written record, sustaining specifications 2, 10, 15-16, 18-20, 22-23, 25-38, and 40 of the conduct unbecoming charge and specifications 9, 10, and 13 of the failure to follow instructions charge.  ID at 43-45.  She further determined that the agency proved the requisite nexus and that the appellant failed to prove each of his affirmative defenses, including claims of due process violations, harmful procedural error, and whistleblower retaliation.  Finally, she found that the agency met its burden of proving the reasonableness of its chosen penalty, and she affirmed the appellant's removal.  ID at 67.

¶4    In a fairly cursory argument on review, referencing a much larger argument he presented below, the appellant suggests that the administrative judge erred in her application of collateral estoppel in sustaining some of the conduct unbecoming specifications.  Petition for Review (PFR) File, Tab 3 at 36-37 (referencing I-5 AF, Tab 113 at 4-26, Tab 127 at 257).  To the extent he is arguing that the administrative judge applied an incorrect standard, as explained below, we agree.  Therefore, we vacate her decision to sustain specifications 23, 25-28, 30-32, and 34-37 of the conduct unbecoming charge, which was based on her finding that the appellant was collaterally estopped from challenging the underlying facts.

¶5    In making her collateral estoppel determination, the administrative judge applied the Board's standards.  ID at 32-33.  However, in determining the preclusive effect of a criminal conviction, the Board will apply the corresponding

---

[2] The initial decision erroneously states that the agency also withdrew specifications 1 and 2.  *Compare* ID at 21 n.13, *with* ID at 23, *and* I-5 AF, Tab 86 at 1.

jurisdiction's collateral estoppel standards. *Mosby v. Housing and Urban Development*, 114 M.S.P.R. 674, ¶ 5 (2010). In other words, because the appellant was subject to Missouri criminal charges in a Missouri state court, the administrative judge should have applied the Missouri standards for collateral estoppel. According to the appellant, his criminal case in Missouri was resolved with a guilty plea and suspended imposition of sentence, and Missouri courts have determined that such resolutions do not satisfy the aforementioned elements. *E.g.,* I-5 AF, Tab 113 at 8. We agree. *See Director, Department of Public Safety v. Bishop*, 297 S.W.3d 96, 98-100 (Mo. Ct. App. 2009) (finding that a police officer was not estopped in a disciplinary matter from disputing whether he committed a crime to which he pled guilty and received a suspended sentence). As further detailed below, we need not resolve whether the agency otherwise proved these specifications. When more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Because the remaining specifications suffice to affirm the agency's charge and the appellant's removal, we decline to make findings as to whether the agency proved those specifications the administrative judge sustained as collaterally estopped.

¶6      We have considered the remaining arguments that the appellant raised on petition for review pertaining to the charges, nexus, and the penalty, the administrative judge's evidentiary rulings, and his due process and harmful procedural error defenses, but we find that none of them provide a basis to disturb the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7 As to the appellant's claim that the agency removed him in retaliation for his whistleblowing disclosures, when an appellant alleges reprisal for disclosures made in the context of his own grievance under the governing collective bargaining agreement, the disclosures are analyzed as protected activity falling under 5 U.S.C. § 2302(b)(9), and not 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 6 (2013). This activity is reviewed under the burden-shifting scheme set forth in 5 U.S.C. § 1221(e) if the grievance falls within the confines of 5 U.S.C. § 2302(b)(9)(A)(i), i.e., the grievance seeks to remedy retaliation for making a protected disclosure. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 (2016) (explaining that a claim of reprisal for activity protected under 5 U.S.C. § 2302(b)(9)(A)(i) must be analyzed under the burden-shifting standards set forth in section 1221(e)); *Mudd*, 120 M.S.P.R. 365, ¶ 7 (explaining in the context of an individual right of action appeal that the Board has jurisdiction over an employee's grievance seeking to remedy an alleged violation of 5 U.S.C. § 2302(b)(8)). A protected disclosure is a disclosure of information that the appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 22 (2014). The proper test for assessing whether a protected disclosure occurred is an objective one: could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the government evidence one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A). *Shannon*, 121 M.S.P.R. 221, ¶ 22.

¶8 The administrative judge considered the alleged disclosures and found that the appellant met his burden of proving that just one disclosure was protected. ID at 53-58. Specifically, the administrative judge found that the appellant made a protected disclosure in his response to the proposed removal at issue in this

appeal by asserting that the proposing official had failed to provide him with performance appraisals between 2010 and 2013. ID at 57-58. She further found that the contributing factor element was satisfied. ID at 59-60. However, the administrative judge found that the agency proved that it would have taken the same action in the absence of the appellant's whistleblowing. ID at 60-64.

¶9 Upon review of the record, we find that the appellant did not prove that he made the protected disclosure referenced above, and we modify the initial decision accordingly. Contrary to the administrative judge's finding, the appellant did not allege in his response to the proposed removal that the agency improperly failed to appraise him during the four years he was on a detail beginning after 2010. IAF, Tab 24 at 452; ID at 57.[3] In fact, in his pleadings below, the appellant did not claim that he disclosed the failure to conduct performance appraisals, but rather alleged that the lack of appraisals was a personnel action following other disclosures. I-5 AF, Tab 100 at 11.

¶10 Further, to the extent the administrative judge found that the appellant did not make protected disclosures in the course of his grievances, we modify those findings. As discussed above, such disclosures are analyzed as protected activity under 5 U.S.C. § 2302(b)(9), and not as protected disclosures under 5 U.S.C. § 2302(b)(8). Nonetheless, any error was harmless. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The dispositive question remains the same as to the appellant's grievance activity, i.e., whether the appellant's grievances reflect that he previously made disclosures of information that he reasonably believed evidenced wrongdoing under 5 U.S.C. § 2302(b)(8).[4] *See Mudd*, 120 M.S.P.R. 365, ¶ 7.

---

[3] In the initial decision, the administrative judge cited to deposition testimony in discussing this alleged disclosure and not to the written response to the proposal. ID at 57. This testimony does not reflect that the appellant made a disclosure regarding the lack of performance appraisals during the testimony. I-5 AF, Tab 130 at 272, 316.

¶11        The appellant reasserts disclosures he initially made in October 2005, and again in January 2006, in both his response to a proposed suspension and the grievance he filed after the agency effectuated that suspension.  PFR File, Tab 3 at 28-29; *e.g.*, I-5 AF, Tab 127 at 174-77, Tab 130 at 26-41.  Generally speaking, the disclosures consisted of some of the appellant's defenses to that adverse action, i.e., that it was tainted by a conflict of interest, the agency's investigator was improperly influenced, the agency improperly relied upon prior allegations, and management had permitted his coworkers to gossip about him, thereby creating a hostile work environment.  *E.g.*, I-5 AF, Tab 127 at 174-77, Tab 130 at 26-41.  While we have reviewed the portions of the record the appellant cites on review, we discern no basis for reaching a conclusion different from the administrative judge.  ID at 53-55.  In essence, the response to the appellant's 2005 discipline and follow-up grievance included an exhaustive list of defenses in the form of agency improprieties.  While he has directed us to those defenses, he

_____

[4] Grievances that do not seek to remedy whistleblower reprisal are covered by 5 U.S.C. § 2302(b)(9)(A)(ii) and may also serve as the basis for an affirmative defense.  *See Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (reflecting that internal agency appeals in which an appellant did not seek to remedy reprisal for whistleblowing fell under 5 U.S.C. § 2302(b)(9)(A)(ii), and should have been analyzed under the standard in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986)).  Nevertheless, the appellant and the attorney that represented him throughout much of this appeal expressly chose to pursue just the whistleblower reprisal claim and not a separate claim arising under section 2302(b)(9)(A)(ii).  *Compare* IAF, Tab 1 at 6 (appellant's initial identification of affirmative defenses, which did not include a claim of reprisal for grievance activity), *with* IAF, Tab 4 at 1 & n.1 (order identifying the same affirmative defenses and providing the appellant the opportunity to identify any others); *Ryno v. Department of the Army*, MSPB Docket No. CH-0752-14-0500-I-4, Appeal File, Tab 26 (prehearing summary identifying the same affirmative defenses and warning that in the absence of any objection, the parties would be bound to the same set of issues); I-5 AF, Tab 62 at 9 n.4 (prehearing summary indicating that while the appellant was alleging whistleblower reprisal, he was not alleging that the agency retaliated against him for filing equal employment opportunity complaints or other protected activity), Tab 73 at 17 (appellant's express declaration that he was "not alleg[ing] that the agency retaliated against him because of 'the exercise of any appeal, complaint, or grievance right'").  Accordingly, we need not consider whether the appellant could have met the burden of proof for claims arising under 5 U.S.C. § 2302(b)(9)(A)(ii).

has not directed us to anything that would establish that he had a reasonable belief that such defenses revealed the type of wrongdoing described in section 2302(b)(8).

¶12 The appellant next reasserts a second set of disclosures that he made in connection with a December 2010 grievance, concerning another suspension. PFR File, Tab 3 at 29-30; *e.g.*, I-5 AF, Tab 130 at 216, 224-25, Tabs 179-80. Like those just discussed, the 2010 disclosures constituted some of the appellant's responses to his latest alleged misconduct. Generally speaking, he alleged that his 2010 suspension was tainted by retaliation on the part of the proposing official and a concerted effort by the proposing official to influence a witness by encouraging her to complain about the appellant. *E.g.*, I-5 AF, Tab 130 at 216, 224-25, Tabs 179-80. The administrative judge found that the appellant failed to meet his burden for these disclosures. ID at 55-56.

¶13 We agree with the administrative judge's conclusion but, as discussed above, modify the initial decision to clarify why the appellant failed to meet his burden. The administrative judge effectively provided two alternative rationales for why the appellant's December 2010 disclosures were not protected—because they were not the type of disclosure described in 5 U.S.C. § 2302(b)(8) and because they were made solely within the grievance process. *Id.* However, the latter rationale improperly relied on standards that predate the WPEA, which governs this appeal.[5] ID at 55 (citing *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 9 (2008) (describing standards that applied under whistleblower statutes before those statutes were amended with the passage of the WPEA), *aff'd per curiam*, 328 F. App'x 660 (Fed. Cir. 2009)). The WPEA expanded the grounds on which an appellant may raise an affirmative defense that is subject to the burden shifting standards of 5 U.S.C. § 1221(e) to include, inter alia, reprisal for the protected activity of filing a grievance with regard to

---

[5] Although the appellant's disclosures predated the effective date of the WPEA, because his removal occurred after the statute went into effect, it is applicable here. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 51-52.

remedying a violation of section 2302(b)(8). *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015). Accordingly, whether or not the appellant's disclosures were made within the grievance process is not dispositive. Otherwise, we discern no basis for disturbing the administrative judge's findings.[6]

¶14    Finally, under the WPEA, the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case. 5 U.S.C. § 1221(e)(2); *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10, ¶ 21 (2014), *aff'd per curiam*, 623 F. App'x 1016 (Fed. Cir. 2015). Because we modified the initial decision to find that the appellant failed to prove that he made protected disclosures or engaged in protected activity, we vacate the administrative judge's determination that the agency proved by clear and convincing evidence that it would have removed the appellant absent his protected disclosure. ID at 60-64. Therefore, we decline to consider the appellant's arguments regarding this determination. PFR File, Tab 3 at 32-35.

¶15    Accordingly, we affirm the initial decision, as modified above.

_____

[6] The appellant separately suggests that, even if his December 2010 disclosures were not protected, he was a perceived whistleblower. PFR File, Tab 3 at 29-30; *see King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011) (recognizing that an individual who is perceived as a whistleblower is still entitled to whistleblower protections, even if she did not make protected disclosures). However, it appears that the appellant failed to preserve this argument by raising it below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, even if he did preserve the argument, the evidence the appellant cited is not supportive. The Board will focus its analysis on the agency's perceptions to determine whether an appellant was perceived as a whistleblower, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant made or intended to make disclosures that evidenced the type of wrongdoing listed under section 2302(b)(8). *King*, 116 M.S.P.R. 689, ¶ 8. The evidence cited here simply shows the proposing official describing the appellant as having a history of responding to accusations about his own misconduct with accusations about the misconduct of others, including the proposing official. I-5 AF, Tab 127 at 858, Tab 130 at 305. It does not show that the proposing official perceived the appellant as a whistleblower.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.